UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| CHAPMAN KELLEY, | § | |
|---|---|---|
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:08-CV-00887-B |
| | § | |
| ANTHONY BERGAMINO, BRAD MARTIN, ROY D. AMATORE, RICHARD KAPLAN, and FIRST EAGLE NATIONAL BANK, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM ORDER

Before the Court is Defendants Brad Martin, Richard Kaplan and First Eagle National Bank's Motion for Leave to File Motion to Dismiss, Brief and Appendix (doc. 12). After review of the motion, briefing, and timeline of this case, the Court **GRANTS** the Motion.

Plaintiff filed this action on May 23, 2008 and, on the same day, mailed a request for waiver of service to the defendants. The above-stated Defendants executed the waiver of service. Pursuant to Rule 12(a)(1)(B) of the Federal Rules of Civil Procedure, a responsive pleading is due 60 days after the date when the request for waiver was sent. Therefore, the deadline for filing a responsive pleading in this case was July 22, 2008. Defendants filed this Motion on July 25, 2008, three days after the deadline for a responsive pleading.

Defendants display some confusion in their Motion regarding whether the deadline to file a responsive pleading had already passed when they filed this Motion. They state that July 22, 2008 was the 60 day deadline, but also assert a deadline of July 25, 2008 based on the argument that Rule 6(e) of the Federal Rules of Civil Procedure provides them an additional three days within which to

act. FED. R. CIV. PROC. 6(e). Defendants state this rule puts the responsive pleading deadline at July 25, 2008, the date they filed the current Motion. However, Rule 6(e) applies to situations where "a party must or may act within a prescribed period *after service*." *Id.* (emphasis added). Rule 12(a)(1)(B) sets the deadline for a responsive pleading at 60 days *after the date when the request for waiver of service was sent*, not 60 days after service. *See* FED. R. CIV. PROC. 12(a)(1)(B). Therefore, the additional three days are not added to the deadline for responsive pleadings in cases where the defendants have waived service. The deadline for defendants to file their responsive pleadings in this case was July 22, 2008.

Because Defendants missed the deadline in which to file their motion to dismiss, the Court must analyze their motion for leave to file a motion to dismiss under the "excusable neglect" standard and determine if good cause exists to extend the time for filing the motion to dismiss. FED. R. CIV. PROC. 6(b)(2). In this case, the defendants' motion for leave was filed merely three days after the deadline expired. The Defendants state they inadvertently entered the deadline on the calendar incorrectly and, as shown by the Court's docket, immediately moved for leave to file once the error was discovered. Additionally, the Court notes that to this day, not all of the defendants in this case have been served. Two defendants have yet to appear. The Court has entered no Scheduling Order. To the Court's knowledge, the parties have engaged in no discovery and no substantive briefing other than the motions addressed here.

In his response, Plaintiff argues that the late timing of the motion for leave deprived him of time to respond or to prepare additional pleadings. Plaintiff addresses the merits of Defendants' motion to dismiss, characterizing the defendants' jurisdictional arguments as "disingenuous" and argues against dismissal. However, the Defendants' motion was merely for **leave** to file the motion to dismiss, and the motion to dismiss itself has not yet been filed with the Court. Once the

Defendants have filed their motion to dismiss, Plaintiff will have the customary time to file a response to the motion before the Court will consider the merits of that motion.

Because the Court finds the Defendants failed to act because of excusable neglect and that good cause exists to extend the time for filing responsive pleadings in this case, the Court **GRANTS** Defendants' Motion for Leave to File Motion to Dismiss, Brief and Appendix. Defendants are **DIRECTED** to file the Motion to Dismiss, Brief and Appendix within **three business days** of this order.

**SO ORDERED.**

**SIGNED** October 1, 2008

_____
**JANE J. BOYLE
UNITED STATES DISTRICT JUDGE**