UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHAPMAN KELLEY, | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:08-CV-00887-B |
| | § | |
| ANTHONY BERGAMINO, BRAD | § | |
| MARTIN, ROY D. AMATORE, | § | |
| RICHARD KAPLAN, and FIRST EAGLE | § | |
| NATIONAL BANK, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM ORDER

Before the Court is the Motion to Dismiss filed by defendants Brad Martin, Richard Kaplan, and First Eagle National Bank ("Defendants") (doc. 21). The Defendants seek to dismiss this case for want of personal and subject matter jurisdiction. After consideration of the Motion and briefing, the Motion is **GRANTED.**

### I. Factual and Procedural Background

Plaintiff, Chapman Kelley ("Kelley"), purchased, renovated, and maintained a property in Chicago, Illinois which contained his personal residence and rental units. He filed this action against several defendants based on events related to the refinance of a mortgage loan on the Chicago property. Kelley sues the defendants for unjust enrichment, breach of fiduciary duty, fraud, bad faith, and violation of good faith and fair dealing. For jurisdictional purposes, Kelley avers that he resides in Dallas, Texas and that each of the Defendants resides in, conducts business in, or is located in Chicago, Illinois.

## II. Motion to Dismiss

As mentioned, Defendants Brad Martin, Richard Kaplan, and First Eagle National Bank filed this Motion to Dismiss on the grounds that the Court lacks both personal jurisdiction and subject-matter jurisdiction.

**A.     Motion to Dismiss for Lack of Personal Jurisdiction**

*1.     Legal Standards*

A Court may dismiss a plaintiff's claims if the Court lacks personal jurisdiction over the defendant *See Stroman Realty, Inc. v. Antt*, 528 F.3d 382, 387 (5th Cir. 2008); FED. R. CIV. P. 12(b)(2). In establishing jurisdiction, two preconditions must be met: (1) the nonresident must be amenable to service of process under Texas's long-arm statute; and (2) the assertion of jurisdiction over the nonresident must comport with the Due Process Clause of the Constitution. *Jones v. Petty-Ray Geophysical Geosource, Inc.*, 954 F.2d 1061, 1067 (5th Cir. 1992). Because Texas's long-arm statute has been held to extend to the limits of due process, the Court need only determine whether jurisdiction over the defendant is constitutionally permissible under the Fourteenth Amendment. *Religious Tech. Ctr. v. Liebreich*, 339 F.3d 369, 373 (5th Cir. 2003)

Federal due process may be satisfied if (1) the defendant purposefully availed itself of the benefits and protections of the forum state's law by establishing "minimum contacts" with the state, and (2) the exercise of jurisdiction does not offend "traditional notions of fair play and substantial justice." *Johnston v. Multidata Systems Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008); *World-wide Volkswagen Corp v. Woodson*, 444 U.S. 286, 291–92 (1980). "Ordinarily, minimum contacts are a

proxy for determining whether a defendant could reasonably anticipate being haled into federal court." *Stroman Realty, Inc.*, 528 F.3d at 386–87 (citing *World-Wide Volkswagen Corp.*, 444 U.S. at 297). "The Fourteenth Amendment allows a court to assert personal jurisdiction over defendants who have meaningful 'contacts, ties, or relations' with the forum state." *Id.* at 385 (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945)).

The defendant's contacts can give rise to either general jurisdiction or specific jurisdiction. *Id.* General personal jurisdiction is found when the nonresident defendant's contacts with the forum state, even if unrelated to the cause of action, are "continuous, systematic, and substantial." *Id.* (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415 n.9 (1984)). However, "[i]f the contacts are less pervasive, courts may exercise 'specific jurisdiction' in 'a suit out of or related to the defendant's contact with the forum.'" *Id.*

When personal jurisdiction is challenged, the plaintiff bears the burden of proof of establishing a district court has jurisdiction over a non-resident defendant. *Johnston*, 523 F.3d at 609. When the district court rules on a motion to dismiss for lack of personal jurisdiction without an evidentiary hearing, a plaintiff need only establish a *prima facie* case of jurisdiction; proof by a preponderance of the evidence is not required. *Johnston*, 523 F.3d at 609. In deciding whether the plaintiff has made a *prima facie* case, "the district court may consider the content of the record before the court at the time of the motion, including 'affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery.'" *Quick Techs., Inc. v. The Sage Group PLC*, 313 F.3d 338, 343–44 (5th Cir. 2002) (quoting *Thompson v. Chrysler Motors Corp.*, 755 F.2d 1162, 1165 (5th Cir. 1985)). All conflicts between the facts contained in the parties' affidavits and other documentation must be resolved in the plaintiff's favor. *Cent. Freight Lines, Inc. v. APA Transp.*

*Corp.*, 322 F.3d 376, 380 (5th Cir. 2003). Likewise, the district court must accept the uncontroverted allegations in the complaint as true. *Revell v. Lidov*, 317 F.3d 467, 469 (5th Cir. 2002); *Gardemal v. Westin Hotel Co.*, 186 F.3d 588, 592 (5th Cir. 1999).

*2.    Analysis*

Here, Kelley's Complaint establishes that the Defendants all reside in, conduct business in, or are located in Chicago, Illinois. All events forming the basis of his claims occurred in Illinois. Kelley has alleged no general contacts of the Defendants with Texas, the forum state, so there is no general jurisdiction. *See Stroman Realty, Inc.*, 528 F.3d at 385. Furthermore, Kelley has not established that any of the Defendants had contacts with Texas which arise out of or are related to the claims in this suit. Therefore, specific jurisdiction cannot be established. *See id.*

Although given the opportunity to respond to the Motion to Dismiss, Kelley has not filed any response or evidence to support this Court's exercise of personal jurisdiction. *See Quick Techs., Inc.*, 313 F.3d at 343–44. Taking all factual allegations in Kelley's complaint as true, Kelley has failed to present a *prima facie* case for the Court's exercise of personal jurisdiction over the Defendants. *See Revell*, 317 F.3d at 469; *Johnston*, 523 F.3d at 609. The Court finds the Defendants have not purposefully availed themselves of the benefits and protections of the forum state by establishing "minimum contacts." *See Johnston*, 523 F.3d at 609. The Court finds no basis for the exercise of the long-arm statute to hale the Defendants into federal court in Texas. *See Jones*, 954 F.2d at 1067; *Stroman Realty, Inc.*, 528 F.3d at 386–87. Therefore, the Court may dismiss the claims for lack of personal jurisdiction. *See World-wide Volkswagen Corp.*, 444 U.S. at 291–92; Fed. R. Civ. P. 12(b)(2).

**B.    Subject-Matter Jurisdiction**

*1.     Legal Standards*

Federal subject-matter jurisdiction is limited; federal courts may entertain only those cases involving a question of federal law or those where the parties are of diverse citizenship. *See* 28 U.S.C. § 1331; 28 U.S.C. § 1332; *McDonald v. Abbott Labs.*, 408 F.3d 177, 181 (5th Cir. 2005). In diversity cases, the citizenship of each plaintiff must be diverse from the citizenship of each defendant, and the amount in controversy must exceed $75,000.00. 28 U.S.C. § 1332. Once a motion to dismiss for lack of subject-matter jurisdiction has been filed, the plaintiff bears the burden of establishing that the court has subject-matter jurisdiction over the dispute. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992); *Howery v. Allstate Ins. Co.*, 234 F.3d 912, 916 (5th Cir. 2001). Because a federal court has a continuing obligation to examine the basis of its jurisdiction, it may raise the issue of subject-matter jurisdiction *sua sponte* at any time. *See MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5thCir. 1990).

In ruling on a motion to dismiss for lack of subject-matter jurisdiction, the court may evaluate (1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir.), *cert. denied*, 454 U.S. 897 (1981). The Fifth Circuit has held that a "motion to dismiss for lack of subject matter jurisdiction, Rule 12(b)(1), can be based on the lack of jurisdiction on the face of the complaint." *Id.* at 412. However, in a facial attack on subject-matter jurisdiction, the court must consider the allegations in the plaintiff's complaint as true. *Id.*

A natural person is considered a citizen of the state where the person is domiciled. *Coury v. Prot*, 85 F.3d 244, 248–50 (5th Cir. 1996). Domicile is a combination of two factors: the residence

of a party and the intent to remain there permanently. *Acridge v. Evangelical Lutheran Good Samaritan Soc.*, 334 F.3d 444, 448 (5th Cir. 2003). Therefore, a person's domicile is determined by many factors in addition to their current residence. *See Coury*, 85 F.3d at 251.

A banking association is considered a citizen of the state where its main office is located as provided in its articles of association. 28 U.S.C. § 1348; *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006). A corporation is a citizen of both the state where it was incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 88–89 (2005).

*2.     Analysis*

In determining the Defendants' attack on subject matter jurisdiction on the face of the Complaint, the Court takes all allegations in the Complaint as true. *See Williamson*, 645 F.2d at 412. Kelley's claims are all state common law actions. No federal cause of action is asserted. In his Complaint, Kelley alleges that the Court's jurisdiction is based on diversity jurisdiction under 28 U.S.C. § 1332. However, Kelley fails to allege jurisdictional facts establishing the citizenship of the parties. Kelley merely avers that he "resides" in Dallas, Texas. Similarly, Kelley avers defendant Brad Martin is an "individual residing and doing business" in Chicago and defendant Richard Kaplan is "an individual whose business office is located" in Chicago. These averments are insufficient for determining the citizenship of these parties because citizenship is based on domicile, which consists of many factors in addition to one's residence. *See Acridge*, 334 F.3d at 448; *Coury*, 85 F.3d at 248–51.

With regard to defendant First Eagle National Bank, Kelley avers it "is a Federally chartered financial institution located" in Chicago. This information is insufficient to establish the citizenship

of the party. Kelley does not indicate whether the defendant is a banking association or a corporation. If it is a banking association, Kelley failed to indicate where its main office, as provided in its articles of association, is located. *See Wachovia Bank*, 546 U.S. at 307. Likewise, if it is a corporation, Kelley failed to indicate where it was incorporated or where it has its principal place of business. *See Lincoln Prop. Co.*, 546 U.S. at 88–89.

Given the opportunity to respond to the Motion to Dismiss for lack of subject-matter jurisdiction, Kelley failed to file any response or evidence to establish the jurisdiction of this Court over his claims. In short, Kelley has merely made a conclusory allegation that the Court has diversity jurisdiction under 28 U.S.C. § 1132, without supporting the allegation with the necessary facts, even when all allegations in the Complaint are taken as true for the sake of the jurisdictional analysis. *See Williamson*, 645 F.2d at 412. Accordingly, Kelley has failed to meet his burden to establish diversity of citizenship for jurisdictional purposes. *See Lujan*, 504 U.S. at 561; *Howery*, 234 F.3d at 916.

### III. Conclusion

The Court finds that it lacks both personal jurisdiction over the Defendants and subject-matter jurisdiction over the claims brought by Kelley. The Motion to Dismiss (doc. 21) is **GRANTED**. Therefore, the claims brought by Kelley against Defendants Brad Martin, Richard Kaplan, and First Eagle National Bank are **DISMISSED WITHOUT PREJUDICE**.

The Court also sees no basis for subject-matter jurisdiction over the defendants who have not yet answered and did not join in the Motion to Dismiss, namely Anthony Bergamino and Roy D. Amatore. **Therefore, the Court notifies Kelley that it intends to dismiss the claims against the remaining defendants *sua sponte* for lack of subject-matter jurisdiction unless Kelley can show the Court good cause, in writing within ten days of this Order, why such claims should not be**

**dismissed.** *See* *MCG, Inc.*, 896 F.2d at 173.

SO ORDERED.

SIGNED January 23, 2009

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE